UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Civil File No.: _____

Terry Nelson and Clark Anderson as
Trustees of the Painters and Allied Trades
District Council No. 82 Health Care Fund,
Terry Nelson and Bill Sullivan as Trustees of
the Minneapolis Local 386 Drywall Finishing
Industry Pension Fund n/k/a as the Painters
and Allied Trades District Council 82
Defined Contribution Plan, Terry Nelson and
Robert Swanson as Trustees of the
Finishing Trades Institute of the Upper
Midwest Trust Fund, and Timothy Maitland
as a fiduciary of the Painters and Allied
Trades Labor Management Cooperation
Initiative and of the Finishing Trades
Institute,

         Plaintiffs,

vs.

Elegance Painting & Finishing LLC,

         Defendant.

**COMPLAINT**

_____

Plaintiffs, for their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.    Plaintiffs are Trustees and Fiduciaries of the Painters and Allied Trades

District Council No. 82 Health Care Fund, the Minneapolis Local 386 Drywall Finishing

Industry Pension Fund n/k/a as the Painters and Allied Trades District Council 82 Defined

Contribution Plan, the Finishing Trades Institute of the Upper Midwest Trust Fund, the

Painters and Allied Trades Labor Management Cooperation Initiative, and of the Finishing

Trades Institute ("Funds").

2.     The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.     The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq.*

4.     Defendant Elegance Painting & Finishing LLC ('Elegance Painting & Finishing) is a limited liability North Dakota company with a registered address of 5068 53RD Street South, Unit G, Fargo, North Dakota 58104.  Elegance Painting & Finishing is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5.     This is an action by the Funds' Trustees and/or fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.     The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

### FACTS

7.     The Funds re-allege and incorporate by reference paragraphs 1-6 herein.

8.     Since March 28, 2016, Elegance Painting & Finishing has been bound to the North and South Dakota Commercial Painting, Interior Systems, and Drywall

Installation and Finishing Agreement ("CBA") with a term of January 1, 2015 through December 31, 2017.

9.     Pursuant to the CBA, Elegance Painting & Finishing agreed to be bound to the terms of the Trust Agreements for each of the Funds which are incorporated herein by reference.

10.     The CBA and Trust Agreements requires Elegance Painting & Finishing to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by its employees covered by the CBA.

11.     The CBA and Trust Agreements permit the Trustees of the Funds to conduct in audit at any time to determine Elegance Painting & Finishing's compliance with its obligation to submit contributions to the Funds.

12.     Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Elegance Painting & Finishing to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

13.     If Elegance Painting & Finishing failed to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Elegance Painting & Finishing is liable for contributions on all of the hours worked by that individual for whom Elegance Painting & Finishing is to produce satisfactory records verifying the type of work being performed by that individual.

14.     The Trust Agreements require the payment of liquidated damages and interest in the event any contributions are not timely submitted to the Funds.

15.     The CBA requires signatory employers like Elegance Painting & Finishing to furnish an Employers Contractual Bond or other approved escrow account guaranteeing such employer's obligation to the Funds in an amount specified in the CBA. The CBA further provides that employer who fail to furnish an appropriate bond or escrow account shall pay an additional ten percent of the applicable contributions rate for the Funds and that such amount included in any liquidated damages calculation.

16.     Elegance Painting & Finishing failed to furnish any Employers Contractual Bond or other approved escrow account.

17.     The Trust Agreements require Elegance Painting & Finishing to pay all court costs, including reasonable attorney and audit fees incurred in collecting unpaid contributions and associated damages.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

18.     The Funds re-allege and incorporate by reference paragraphs 1-17 herein.

19.     The Funds' authorized agent requested that Elegance Painting & Finishing produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of March 28, 2017 through September 31, 2017 ("Audit Period").

20.     Elegance Painting & Finishing produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Elegance Painting & Finishing's employees that were covered by the CBA for which Elegance Painting & Finishing did not submit the required contributions to the Funds.  Specifically, the Funds' authorized agent determined that $58,901.91 is due and owing for unpaid contributions for the Audit Period.

21.     Elegance Painting & Finishing breached the terms of the CBA and Trust Agreements by failing to pay the amount due for unpaid contributions for the Audit Period.

22.     Elegance Painting & Finishing liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of their employees for whom Elegance Painting & Finishing is unable to produce satisfactory records verifying the type of work performed by any such individuals.

23.     Pursuant to the CBA, Elegance Painting & Finishing is liable to the Funds in the amount of $5,890.19 for failing to furnish Employers Contractual Bond or other approved escrow account.

24.     Pursuant to the Trust Agreements, Elegance Painting & Finishing is liable to the Funds for liquidated damages, interest, and all court costs, including reasonable attorney and audit fees incurred by the Funds in collecting unpaid contributions and associated damages.

## COUNT II
## ERISA DAMAGES

1.     The Funds re-allege and incorporate by reference paragraphs 1-24 herein.

2.     The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

3.     The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

4.     The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Elegance Painting & Finishing LLC as follows:

1.     For judgment in the amount of $58,901.91 for unpaid contributions for the Audit Period.

2.     For judgment in the amount of $5,890.19 for as a result of Defendant's failure to furnish an Employers Contractual Bond or other approved escrow account.

3.     For an award of liquidated damages and interest charges or double interest charges.

4.     For an award of costs, disbursements and attorneys' fees according to law.

5.     Such other and future relief as the Court deems just, equitable or proper.

Date:  November 2, 2017              MCGRANN SHEA CARNIVAL
                                     STRAUGHN & LAMB, CHARTERED


                             By:     s/ Amy L. Court
                                     Carl S. Wosmek (Atty. No. 300731)
                                     Amy L. Court (Atty. No. 319004)
                                     Christy E. Lawrie (Atty. No. 388832)
                                     800 Nicollet Mall, Suite 2600
                                     Minneapolis, MN 55402
                                     Telephone: (612) 338-2525
                                     csw@mcgrannshea.com
                                     alc@mcgrannshea.com
                                     cel@mcgrannshea.com

                                     *Attorney for Plaintiffs*

1065496.DOCX